### DAVID HENRY *vs.* SILAS M. FLAGG.

A. indorsed several notes to B., which were payable in two, three, and more years
from date, with interest, and gave B. a written promise to pay him annual inter-
est on the notes, if the makers should not pay it: As the notes became payable,
B. received payment from the makers, who refused to pay annual interest thereon:
After all the notes were paid, B. brought an action against A. to recover the dif-
ference between the amount of annual interest and the interest which had been
paid to him.  *Held*, that the action could not be maintained.

ASSUMPSIT on the following promise: " Heath, April 13th 1832. I promise to pay David Henry, or bearer, the annual interest of ten notes which are due by annual payments of ten years, signed by Elijah Flagg and Joshua Flagg, and backed by Silas M. Flagg, in which it is not named that it is compound interest ; and this writing is to show that I promise to pay the compound use on said notes, if not paid by the signers.                                     Silas M. Flagg."

The case was submitted to the court upon the statement of facts which follows :

" On the 13th of April 1832, the defendant purchased a farm of the plaintiff, for which he was to pay $1300. He paid about $240 in cash, and indorsed to the plaintiff ten promissory notes, signed by Elijah Flagg and Joshua Flagg, dated February 6th 1832. These notes were payable, one in a year, with interest, one in two years, with interest, and so on, one at the end of each year, with interest ; the last falling due in ten years from date. Nine of them were for $100 each, and the last was for $159·50. When these notes were offered to the plaintiff, he objected that they were for simple interest only, and that the interest ought to be annually paid. The defendant then told him that the makers of the notes had verbally promised to pay interest annually, and thereupon gave him the writing on which this action is brought.

" The first four of the ten notes were paid by the makers before they fell due, and the plaintiff claims nothing on those. The other six notes were paid as they became due, with simple interest only, and before this action was commenced. After the last note was paid, the plaintiff demanded of the defendant the annual interest, under the aforesaid written promise.

" The plaintiff made a demand on Elijah Flagg for the annual interest on some of the last six notes, and said Elijah gave the plaintiff notice that he would not pay said interest."

This case was argued at the last September term.

*C. Devens & Alvord,* for the plaintiff. The promise in

6 *

suit is not objectionable on the ground of usury. *Van Schaick* v. *Edwards,* 2 Johns. Cas. 355. Ord on Usury, 36, 53. Comyn on Usury, Part 1, *c.* 2, §§ 7, 14.

Demand on one of the makers of the notes to pay the annual interest was sufficient to entitle the plaintiff to resort to the defendant, on his promise. Indeed, no demand was necessary. *Lent* v. *Padelford,* 10 Mass. 230. *Dyer* v. *Rich,* 1 Met. 180. *Oxford Bank* v. *Haynes,* 8 Pick. 423. Chit. Con. (5th Amer. ed.) 732 – 734.

*Brainard,* for the defendant. The agreement on which the action is brought is without consideration, and therefore will not support the action. *Cook* v. *Bradley,* 7 Connect. 57. *Burnet* v. *Bisco,* 4 Johns. 235. But if this ground of defence is not sustained by the court, yet the plaintiff has waived the annual interest, by not calling upon the defendant for it till after the notes were paid. *Barrell* v. *Joy,* 16 Mass. 227. *Hastings* v. *Wiswall,* 8 Mass. 455.

DEWEY, J. The case of *Hastings* v. *Wiswall,* 8 Mass. 455, early settled the principle, that upon a note, payable in a certain number of years with annual interest, judgment could be recovered only for simple interest on the principal sum. The question there arose, upon a motion in behalf of the plaintiff, that in entering up the judgment, the interest due by the terms of the note at the expiration of each year should be added to the principal, and interest be cast upon the aggregate, and so from year to year ; but this was refused, and simple interest on the principal sum only was allowed by the court. This opinion was reaffirmed, or rather recognized as the existing rule of law, by C. J. Parker, in *Barrell* v. *Joy,* 16 Mass. 227. It was also somewhat considered in the case of *Wilcox* v. *Howland,* 23 Pick. 167, where it was again held that an action will not lie to recover interest upon interest, although a new contract, made after such interest had accrued, (as in the case of a promissory note given for compound interest,) would be a valid promise, and might be enforced. These cases seem to settle the general principle as to the right to enforce payment of compound interest upon

antecedent contracts, and would preclude a recovery cf such interest in the ordinary case of a promise to pay compound interest.

The only further inquiry is, therefore, whether this case falls within the principles settled in the adjudicated cases. It is supposed by the plaintiff that there are elements in the present case, that will materially distinguish it from those alluded to. It is true that the promise, which is the subject of the present action, is a promise to pay the annual interest of certain notes of Elijah Flagg and Joshua Flagg, if the makers of those notes do not make such annual payment of interest. The makers of those notes are not sued, but the party giving the collateral promise to pay annual interest. We perceive no distinction, however, in the principle of the two cases. As a prospective promise to pay compound interest, it is equally objectionable as if made by the makers of the note. The payment of interest on the whole sum might have been enforced by action to enforce the payment of the same at the end of each year, if the plaintiff had seen fit so to do. Not having done so, it is as much to be presumed in this as in the cases of annual interest stipulated for in the note itself, that the party waives such claim for annual interest. Indeed, the same objection, whether it be that of waiver, or that the policy of the law is adverse to compound interest, applies to both cases. The plaintiff, having received the simple interest upon the principal of the notes, which are the subject of the defendant's promise, and having forborne to enforce against the defendant the payment of annual interest from year to year, as he might have done, cannot now enforce the payment of compound interest.

*Judgment for the defendant.*